# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 13-CR-10191 (DPW) |
| | ) | |
| | ) | |
| MICHAEL COLLINS | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Preliminary Statement

1.    The United States of America, by Assistant U.S. Attorney Dustin Chao, submits this

memorandum, which presents the United States' position as to the appropriate sentence to

be imposed on Defendant Michael Collins.    As discussed below, Defendant Collins, an

Armed Career Criminal, participated in the sale of a Norinco, SKS, 7.62 millimeter rifle to

a confidential informant on March 8, 2012 in Dorchester, MA.    For the reasons stated

herein, the government recommends a sentence within a Guidelines range of 180-210

months' imprisonment.    Defendant Collins is scheduled to be sentenced by Your Honor

on Thursday, January 23, 2014, at 2:00 p.m.

2.    On October 28, 2013, Defendant Collins pled guilty before Your Honor to the one-count

Indictment, Crim. No. 13-CR-10191 (DPW), which charged him with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).    The Indictment also alleged

forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) with respect to the

Norinco, Model SKS, 7.62 millimeter rifle, bearing serial number 01512 (the "Norinco

rifle").    There is no plea agreement in this case.    *See* Presentence Investigation Report

("PSR") ¶¶ 4, 115.

1

3.      As detailed in the PSR, Collins was responsible for safeguarding and delivering a fully

operable, Norinco rifle at a pre-arranged sale that took place on March 8, 2012 inside a

KFC parking lot at 695 Columbia Road in Dorchester.   *See* PSR ¶¶ 10-12.   Although the

buyer, a confidential informant, paid the $2,000 cash purchase price for the rifle to

Collins's accomplice, Byron Newberry (United States v. Byron Newberry, 13-CR-10193

(MLW)), Collins was well familiar with the firearm and told the buyer that the gun had

never been fired.   Moreover, the evidence indicated that Collins received a portion of that

cash sale after the transaction.   *See* PSR ¶¶ 12-14.

4.      By the time Collins was indicted by a federal grand jury in Boston on June 25, 2013, he was

already in state custody after having been arrested on May 9, 2013 by Boston Police for

having committed an armed robbery and kidnapping (the victim, a store employee, was

held at gunpoint and then restrained with plastic zipties) with another convicted felon at a

Rent-A-Center at 1175 Dorchester Avenue on April 17, 2013.   *See* PSR ¶ 53.   Collins

was indicted for Armed Robbery and Kidnapping and currently awaits trial on this matter

before Suffolk Superior Court.   *See id.*

5.      As Probation correctly calculated, Collins's advisory Guidelines sentencing range as an

Armed Career Criminal is 180 to 210 months' imprisonment.   *See* PSR ¶¶ 50, 113, 114.

For the reasons set forth below, the United States respectfully requests that the Court

impose a sentence within a Guidelines range of 180 to 210 months' imprisonment.

<u>DISCUSSION</u>

After *United States v. Booker*, 543 U.S. 220 (2005), the First Circuit endorsed a sequential

sentencing analysis in accordance with *Booker* in *United States v. Jimenez-Beltre*, 440 F.3d

514, 518-519 (1st Cir. 2006) (en banc): "[W]e find very helpful the district court's sequential determination of the guideline range, including any proposed departures, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the guideline range."  *See also United States v. Martin*, 520 F.3d 87, at 90-91 (1st Cir. 2008) (citing *United States v. Gall*, 552 U.S. 38 (2007)).

**Step 1. <u>The Advisory Guideline Range Is 180 to 210 Months</u>**

"[T]he guidelines cannot be called just 'another factor' in the statutory list, 18 U.S.C. § 3553(a) (2000), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges. . . ."  *Jimenez-Beltre*, 440 F.3d at 518 (citing *Booker,* 125 S.Ct. at 766-67; 28 U.S.C. § 994( o)).  "Accordingly, at sentencing, the district court must continue to 'consider the Guidelines' sentencing range."  *See id.* (citing *Booker*, 125 S.Ct. at 764 (quoting 18 U.S.C. § 3553(a)(4))).

In the PSR, the U.S. Probation Office calculated Collins's total offense level under the Guidelines to be 30 (PSR ¶ 29) and his criminal history category to be at Level VI (PSR ¶¶ 49, 50).  These calculations were based upon Probation's review of Collins's extensive criminal history and its conclusion that Collins is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4(a).  *See* PSR ¶¶ 26, 50, 113, 114.  The defendant, however, disputes Probation's conclusion that Collins is an Armed Career Criminal based upon the Supreme Court's decision in *Alleyne v. United States,* 133 S.Ct. 2151 (2013), and makes other conclusory allegations, which were contained in a January 13, 2014 letter to Probation.[1]  The defendant also argues that his sentence should be stayed pending the resolution of the Justice

---

[1]      In the January 13 letter, the defense stated that "Defendant does not admit to any convictions listed in the PSR, nor does he admit that any of the convictions listed in paragraph 50 qualify as ACCA predicates."

Safety Valve Act, H.R. 1695, a pending Congressional bill that proposes that federal judges be permitted to sentence defendants below mandatory minimum sentences in certain cases.  *See* Def. Mem. at 5-7 (Dkt. # 37).   The defendant's arguments are unavailing.

<u>The Defendant's *Alleyne* Argument Is Unsupported by Law</u>

The First Circuit has already disposed of the defendant's *Alleyne* argument:

> In *Alleyne*, the Supreme Court stated that ***Almendarez–Torres v. United States***, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), **remains good law**. *See Alleyne*, 133 S.Ct. at 2160 n. 1. In *Almendarez–Torres*, the Supreme Court found that, where "the relevant statutory subject matter is recidivism[,]" which "is as typical a sentencing factor as one might imagine[,]" a crime is not being defined and, therefore, **the fact of the prior conviction need not be mentioned in the indictment nor submitted to the jury**. *Id.* at 230, 118 S.Ct. 1219. Therefore, the sentence imposed on [the defendant] pursuant to the ACCA was based on a determination of a sentencing factor, not a determination of an element of an offense.

*United States v. Carrigan*, 724 F.3d 39, 51 (1st Cir. 2013) (n.4) (emphasis added).   In *Carrigan*, the defendant argued that *Alleyne* required that "his status as an ACC should have been submitted to the jury" before the district court sentenced him to 15 years' imprisonment pursuant to 18 U.S.C. § 924(e) as an Armed Career Criminal.  *See id.* at 42, 51.   Likewise, Collins cited *Alleyne* in his January 13 letter, in which he "object[ed] to being classified as an Armed Career Criminal under 18 U.S.C. § 924(e) as the fact of his prior convictions w[ere] not charged, admitted to, or proven."   As in *Carrigan,* defendant Collins's failure to recognize the continued vitality of *Almendarez-Torres* proves fatal to his argument.   Under *Almendarez-Torres*, therefore, this Court maintains its "traditional, if not the most traditional, basis for . . . increasing an offender's sentence[,]" namely, the defendant's recidivism.  *See Almendarez-Torres*, 523 U.S. 224, at 243 (1998).

4

The defendant also argues that the vitality of *Almendarez-Torres* should be questioned in light of the *Alleyne* decision (2013) and other recent Supreme Court jurisprudence in *Descamps v. United States*, 133 S.Ct. 2276 (2013)[2] and *Shepard v. United States*, 544 U.S. 13 (2005).[3]  But why should this Court abandon the precedent of *Almendarez-Torres* when the Supreme Court, itself, has for over 15 years declined to do so despite the numerous opportunities cited by the defense?   The defendant offers no rationale for this nor any case law to support this position.

In any event, the defendant's prior criminal convictions place him squarely within the penalty provisions of 18 U.S.C. § 924(e), which were recited in *Carrigan*:

> The ACCA [Armed Career Criminal Act] prescribes a 15–year mandatory minimum sentence for an offender who has three prior convictions "for a violent felony or a serious drug offense" when the unlawful possession of a firearm occurred. Id. § 924(e)(1). "Violent felony" is defined as: any crime punishable for a term exceeding one year ... involving the use or carrying of a firearm, knife, or destructive device ... that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].   [18 U.S.C. §] 924(e)(2)(B).

> *Carrigan*, 724 F.3d at 48.

Defendant Collins has at least three convictions in Massachusetts that each qualify as a prior "violent felony," pursuant to 18 U.S.C. § 924(e).   Three such convictions (with certified copies of such records attached hereto as Exhibit A) are as follows:

---

2        In *Descamps*, the Supreme Court held that a conviction under California's burglary statute, which "cover[ed] simple shoplifting," could not satisfy a burglary predicate for an ACCA finding.   *Descamps*, 133 S.Ct. at 2285.   The Court, however, recited its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which permitted courts to consider the fact of a prior conviction in its penalty findings.   *Descamps*, 133 S.Ct. at 2288.
3        In *Shepard*, the Supreme Court precluded a district court's use of police reports and other extra-judicial documents in making an ACCA finding.   *Shepard*, 544 U.S. at 26.   Although Justice Thomas questioned the validity of *Almendarez-Torres* in his concurring opinion (*id.* at 27-28), the holding of *Almendarez-Torres* remained undisturbed.   *Id.* at 25.

- On July 2, 1992, Collins pled guilty and was convicted of Assault & Battery with a Dangerous Weapon pursuant to M.G.L. c. 265 § 15A(b)[4] in Middlesex Superior Court, and was sentenced to five years in prison (docket MICR1991-03412), *see* PSR ¶¶ 36, 50.

- On October 15, 2001, Collins pled guilty and was convicted of Armed Robbery (among other charges, which included Armed Assault, Kidnapping, and Assault with a Dangerous Weapon), pursuant to M.G.L. c. 265 § 17[5] in Suffolk Superior Court, and was sentenced to a prison term with a minimum term of four years and a maximum term of four years and one day (docket SUCR1999-10510), *see* PSR ¶¶ 39, 50.

- On July 27, 2005, Collins pled guilty and was convicted of Breaking and Entering a Building in the Nighttime with the Intent to Commit a Felony pursuant to M.G.L. c. 266 § 16[6] in Somerville District Court and was sentenced to two years probation on that count (docket 0510CR00278), *see* PSR ¶ 41.

The First Circuit has ruled that each of the above-enumerated convictions constitutes a predicate violent felony conviction pursuant to 18 U.S.C. § 924(e). *See, e.g., United States v. Hart*, 674 F.3d 33, 36, 42-44 (1st Cir. 2012) ("we hold that a conviction for Massachusetts ABDW [assault and battery with a dangerous weapon, M.G.L. c. 265 § 15A(b)] qualifies as a predicate offense under ACCA's residual clause") (internal citations omitted); *United States v. Luna,* 649 F.3d 91, 108 (1st Cir. 2011) (armed robbery under M.G.L. c. 265 § 17 is a proper ACCA predicate under 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Twomey*, 884 F.2d 46, 53 (1st Cir. 1989) (prior convictions for breaking and entering under M.G.L. c. 266 § 16 are

---

[4]     M.G.L. Chapter 265, Section 15A(b) reads as follows: "Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 2 ½ years, or by fine of not more than $5,000, or by both such fine and imprisonment."

[5]     M.G.L. Chapter 265, Section 17 reads, in part, as follows: "Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years . . . ."

[6]     M.G.L. Chapter 266, Section 16 reads, in part, as follows: "Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony . . ., whether he succeeds or fails in the perpetration of such . . . felony, shall be punished in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years."   This conviction satisfies the modified categorical approach for ACCA determinations that was upheld by the Supreme Court in *Shepard* because the <u>charging document</u> specifically charged Collins with the generic burglary element of breaking and entering into a <u>building</u> (*see* Exhibit A).

predicates for the purpose of 18 U.S.C. § 924(e)(B)(ii)) citing *United States v. Patterson*, 882 F.2d 595 (1st Cir. 1989).   Therefore, Probation correctly identified Collins as an Armed Career Criminal and calculated his Guidelines accordingly, which resulted in the Guidelines advisory sentencing range of 180 to 210 months' imprisonment (PSR ¶114).

<u>Proposed Legislation Known as The Justice Safety Valve Act of 2013, H.R. 1695, S. 619 ("JSVA") Does Not Merit Delaying the Defendant's Sentencing</u>

The defendant has argued that his sentence should be stayed pending the resolution of the JSVA, which would permit federal judges to sentence defendants below the statutory mandatory minimum sentence in certain cases.   (Def. Mem. at 5.)   But the defendant, who committed this crime on <u>March 8, 2012</u>, has failed to point out how the enactment of the JSVA would apply to him.   In other words, unless the JSVA provides that its mandate applies <u>retroactively</u> to offenders such as Collins, the passage of this legislation would offer no benefit to the defendant.

> Congress enacted 1 U.S.C. § 109, the general saving clause, which provides in pertinent part that '(t)he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute.' . . . . In consequence, the saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense.

> *Warden v. Marrero*, 419 U.S. 1014 (1974) (internal citations omitted).   *But see*

*Dorsey v. United States*, 132 S.Ct. 2321, 2331 (2012) (agreeing that "clear congressional intent" showed that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded [the effective date of the Act.]")

Nothing in the legislative history of the JSVA indicates that its provisions would apply

retroactively to offenders such as Collins.[7]   Therefore, the Court should deny any stay of Collins's sentencing proceedings pending enactment of the JSVA.

### Step 2.     No Guidelines Departure Is Warranted

In his sentencing memorandum, the defendant has not sought a departure under the Guidelines.   (*See* Def. Mem.)   Since neither the defendant nor the government has sought a departure under the Sentencing Guidelines, at this point in the sentencing analysis the Guidelines advisory sentencing range for Collins is 180 to 210 months' imprisonment.

If the Court is contemplating a departure "from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission," it should give the parties "reasonable notice."   Fed. R. Crim. P. 32(h); *but see Irizarry v. United States*, 553 U.S. 708, 715-716 (2008) (Rule 32(h) does not apply to variances, however, "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues"); *see also United States v. Vega-Santiago*, 519 F.3d 1, 4-6 (1st Cir 2008) (en banc).

### Step 3.     A Variance Is Not Warranted in This Case

### A.     Defendant Collins Has Not Shown That a Variance Is Justified.

"[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result."   *Martin*, 520 F.3d at 96 (citing *Jiménez-Beltre*, 440 F.3d at 519).   Neither the

---

7       Indeed, the opposite is true.   During the 113th Congress, all of the sponsors of the JSVA, with the exception of Congresswoman Karen Bass (CA, 37th Dist.), sponsored a sister bill, H.R. 3382 (the "Smarter Sentencing Act of 2013'), which would have explicitly provided for the retroactive application of the Fair Sentencing Act of 2010 to those offenders who were <u>sentenced</u> prior to the enactment of the Act.   The JSVA sponsors' omission of a similar retroactive provision in the JSVA clearly runs counter to any finding of "clear congressional intent" to apply the JSVA to prior offenders such as Collins.   *Dorsey*, 132 S.Ct. at 2331.

defendant nor the government has sought a variance under the Sentencing Guidelines, therefore, the Guidelines advisory sentencing range for Collins remains 180 to 210 months' imprisonment.

**B.    The § 3553(a) Factors Support an Advisory Guideline Range Sentence of 180 to 210 Months**.

Although the sentencing guidelines are only advisory, the guidelines "should serve as the sentencing court's 'starting point' or 'initial benchmark,'" *Martin*, 520 F.3d at 91, citing *Gall*, 218 S.Ct. at 596.   Moreover:

> "[T]he fact that a sentencing court possesses the raw power to deviate from the guidelines does not mean that it can (or should) do so casually. The court's reasons for deviation should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender; must add up to a plausible rationale; and must justify a variance of the magnitude in question. *See, e.g., United States v. Scherrer*, 444 F.3d 91, 93 (1st Cir.2006) (en banc); *Jiménez-Beltre*, 440 F.3d at 519."

*Martin*, 520 F.3d at 92.

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).   Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."   18 U.S.C. § 3553(a)(2).    In determining that sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," § 3553(a)(3), the

Guidelines and Guideline range, § 3553(a)(4), the Guidelines' policy statements, § 3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and "the need to provide restitution to any victims of the offense," § 3553(a)(7).

A sentencing court may not "presume that a sentence within the applicable Guidelines range is reasonable," but must consider the § 3553(a) factors. *Nelson v. United States*, 129 S. Ct. 890, 892 (2009). A sentence of 180 to 210 months is appropriate here because the relevant § 3553(a) factors strongly support such a sentence.

*First*, the Guidelines calculation here reflects "the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant Collins, no stranger to illegal guns (*see* PSR ¶¶ 37, 39), willingly participated in an illegal firearm sale in broad daylight at a public parking lot (PSR ¶ 11). Given the circumstances of this sale, it can hardly be said that the defendant believed that this firearm was being purchased for any legitimate, law-abiding purpose.

*Second*, this conduct and pattern of criminal conduct, as noted above, clearly is a reflection of "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As the PSR and the facts of the instant case demonstrate: defendant Collins is an armed career criminal.

- On October 14, 1991, Collins stabbed another individual in the stomach and was ultimately convicted of Armed Assault to Kill. (PSR ¶ 35.)

- On September 7, 1997, Collins possessed a loaded gun, but pled guilty to the lesser offense of possessing ammunition. (PSR ¶ 37.)

- February 19, 1999, Collins and his co-defendant robbed a Wendy's, holding its employees hostage at gun point, and which resulted in one of the victims getting shot in the hand. After pleading guilty to multiple counts of armed robbery, kidnapping, and assault, Collins was sentenced to four years in prison. (PSR ¶ 39.)

- On July 23, 2008, Collins threatened a store employee by displaying an air pistol.  Collins, who also possessed knives and an extendable baton at the time, was ultimately convicted of assault by a dangerous weapon.  (PSR ¶ 47.)

- On April 17, 2013, Collins and his accomplice robbed a Rent-A-Center at gun point.  Similar to the Wendy's armed robbery, Collins and his co-defendant physically restrained the store employee (this time with plastic zipties) after threatening him with violence.  (PSR ¶ 53.)

Given this defendant's offense and history, the guidelines range of 180 to 210 months' imprisonment is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).   Therefore, the sentence recommended by the government of 180-210 months is supported by this factor.

*Third*, a Guidelines sentence is also needed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

The defendant's criminal history score was 20.   PSR ¶¶ 48, 49.   And far from abating, defendant Collins's criminal activity appeared to be escalating at the time of his indictment in the instant case.   By way of illustration, Collins's arrest on March 13, 2013 for burglary did nothing to dissuade the defendant from participating in an armed robbery a mere month later. PSR ¶¶ 52,53.

Even if this Court could be assured that Collins will not resume his criminal activities with respect to committing violent crimes, a sentence within the advisory Guideline range is needed "to afford adequate deterrence to criminal conduct" by other potential offenders. 18 U.S.C. § 3553(a)(2)(B); *see United States v. Goff*, 501 F.3d 250, 258, 261 (3d Cir. 2007).

In considering "the kind of sentences available," 18 U.S.C. § 3553(a)(3), imprisonment is certainly called for by the Guidelines.   In addition, a Guidelines sentence of 180 to 210

months is also supported by the "pertinent policy statements" in the Guidelines, 18 U.S.C. § 3553(a)(5), under which no departures are warranted.

Finally, imposition of the sentence recommended by the government best serves "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In the instant case, the government is particularly concerned as to any potential influence Collins's sentence will have on the sentence of Byron Newberry (Collins's accomplice who sold the gun during the March 8, 2012 transaction, (13-CR-10193 (MLW)), another armed career criminal who participated in two additional gun sales).

In creating the Guidelines, "Congress 'sought *uniformity* in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct.'" *Rita v. United States*, 551 U.S. 338, 349 (2007). Even after *Booker*, "uniformity remains an important goal of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 96, 107 (2007). The Guidelines "help to 'avoid excessive sentencing disparities,'" *id.*, because "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," *Gall*, 552 U.S. at 54, and because most defendants are sentenced within the Guideline Ranges.

"[T]he guidelines are the starting point for the fashioning of an individualized sentence, so a major deviation from them must 'be supported by a more significant justification than a minor one.'" *Martin*, 520 F.2d at 91 (citing *Gall*, 128 S.Ct. at 597). Therefore, the United States respectfully requests that the Court impose a sentence within the Guideline range of 180 to 210 months' imprisonment.

**Conclusion**

Accordingly, and for all the foregoing reasons, Mr. Collins should be sentenced to between 180 and 210 months' imprisonment and five years of supervised release.  In addition, Mr. Collins should forfeit the requested property consisting of the Norinco SKS rifle.

Thank you for your consideration.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By:s/ Dustin Chao_____
DUSTIN CHAO
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ Dustin Chao_____
DUSTIN CHAO
Assistant United States Attorney

Date: January 22, 2014