UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL COLLINS,                )
                               )    CIVIL ACTION NO.
            Petitioner,        )    16-11363-DPW
                               )
v.                             )
                               )    CRIMINAL ACTION NO.
UNITED STATES,                 )    13-10191-DPW
                               )
            Respondent         )
                               )

MEMORANDUM AND ORDER
January 24, 2019

This matter has its origin in the conviction of the
Petitioner, Michael Collins, for being a Felon in Possession of
a Firearm, in violation of 18 U.S.C. § 922(g)(1).  On January
23, 2014, Mr. Collins was sentenced to 15 years in prison as an
armed career criminal subject to the sentencing enhancement
imposed by the Armed Career Criminal Act ("ACCA").  Mr. Collins
filed the present petition for habeas corpus to vacate and
correct his sentence under 28 U.S.C. § 2255 in 2016, arguing
that, in light of *Johnson* v. *United States*, 135 S. Ct. 2551
(2015) ("*Johnson II*"), he was not properly characterized as an
armed career criminal subject to the ACCA's enhancement.  Case
law in the First Circuit since *Johnson II* undermines the
contentions which are offered in the petition.

**I. BACKGROUND**

*A.    Factual Background.*

On June 25, 2013, Mr. Collins was charged in a one count indictment as a felon in possession of a firearm (a Norinco, Model SKS, 7.62 millimeter rifle), in violation of 18 U.S.C. § 922(g)(1).

Both the Presentence Investigation Report ("PSR") prepared by the Probation Office and the Government's Sentencing Memorandum, stated that Mr. Collins had at least three prior state convictions and therefore qualified as an Armed Career Criminal.  In particular, the PSR listed the following convictions which could be considered predicate offenses for the purpose of the ACCA sentencing enhancement:

(1)    March 6, 1990 conviction in Boston Municipal Court for Larceny from the Person and Assault and Battery by a Dangerous Weapon, [PSR ¶ 32];

(2)    June 18, 1992 convictions in Suffolk Superior Court for Armed Assault with Intent to Kill and Assault and Battery by a Dangerous Weapon, [PSR ¶ 35];

(3)    July 2, 1992 conviction in Middlesex Superior Court for Assault and Battery by a Dangerous Weapon, [PSR ¶ 36];

(4)  August 12, 1992 convictions in Cambridge District

Court for Assault and Battery by a Dangerous Weapon,[1]

[PSR ¶ 34];

(5)  October 15, 2001 convictions in Suffolk Superior Court

for Armed Robbery, Armed Assault with Intent to Rob,

Kidnapping, and Assault with a Dangerous Weapon, [PSR

¶ 39]; and,

(6)  October 16, 2008 conviction in West Roxbury District

Court for Assault with a Dangerous Weapon.[2]  [PSR

¶ 47].

In addition, the Government's Sentencing Memorandum
referenced a July 27, 2005 conviction in Somerville District
Court for Breaking and Entering a Building in the Nighttime as a
predicate offense, although the PSR did not include this
particular conviction in its list of predicate offenses.

On January 17, 2014, Mr. Collins filed his own sentencing
memorandum, and objected generally to his classification as an
Armed Career Criminal because his prior convictions were not
charged, admitted to, or proven by the Government.  I rejected

---

[1] The defendant was also convicted on August 12, 1992 of
malicious destruction of property.  There has never been a
contention in this case that this offense can be an ACCA
predicate.
[2] The defendant also had convictions on October 16, 2008 for
possession of burglaries instruments and carrying dangerous
weapons.  There has never been a contention in this case that
either of those offenses can be an ACCA predicate.

that argument and sentenced him as an armed career criminal to the mandatory minimum sentence required by the ACCA of 15 years incarceration.  He did not appeal.

If Mr. Collins had not been classified as an armed career criminal, he would have been subject to, at most, ten years incarceration – the statutory maximum penalty for a violation of 18 U.S.C. § 922 in the absence of the ACCA sentencing enhancement.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

**B.**   ***The Current Legal Context***

The ACCA imposes a mandatory minimum sentence of 15 years incarceration for "[any] person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute defines a "violent felony" as any felony that either "(i) has as an element the use, attempted use, or threated use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

In 2015, the Supreme Court struck down part of the second clause of 18 U.S.C. § 924(e)(2)(B), the so-called residual clause, as unconstitutionally vague.  *Johnson* v. *United States*, 135 S. Ct.

2551, 2557 (2015) (*Johnson II*). "[T]he residual clause," the Court held, "leaves grave uncertainty about how to estimate the risk posed by a crime" because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime." *Id*. It also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony," especially because the residual clause required judges to apply "an imprecise 'serious potential risk' standard" to "a judge-imagined abstraction." *Id*. at 2558. However, the Court left in place the first clause of ACCA, known as the force clause, and the portion of the second clause that classifies "burglary, arson, or extortion" or any crime that "involves the use of explosives" as violent felonies under the statute. 18 U.S.C. § 924(e)(2)(B).

The following year, the Supreme Court held that "*Johnson [II]* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch* v. *United States*, 136 S. Ct. 1257, 1268 (2016). A few months later, Mr. Collins petitioned through the motion now before me to have me vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

## C.   *The Instant Petition*

Mr. Collins now contends in his petition that he was improperly characterized as an armed career criminal under 18 U.S.C. § 924(e) because certain predicate convictions may not properly be counted in reaching the threshold for Armed Career

Criminal status. In particular, he argues that his convictions for larceny from the person, assault and battery with a dangerous weapon, assault with a dangerous weapon,[3] and armed assault with intent to kill are not categorically violent felonies under the force clause of ACCA. He also argues, albeit in a footnote, that his conviction for breaking and entering was not a violent felony under the force clause, observing correctly that neither the PSR nor I relied on that conviction during his original sentencing when determining that he was an armed career criminal.

## II. PROCEDURAL DEFAULT

Although not raised in the Government's opposition to Mr. Collins's petition, which focuses on the merits, I consider it important to address a threshold question: whether Mr. Collins claims are procedurally barred.[4] Although Mr. Collins did object

---

[3] Mr. Collins acknowledges that the First Circuit has held that assault with a dangerous weapon is categorically a violent felony under the force clause. *See generally United States* v. *Whindleton*, 797 F.3d 105 (1st Cir. 2015). He nevertheless challenges this conviction as a predicate offense to preserve the issue, presumably for appeal, on the basis that the First Circuit's reasoning was flawed.

[4] In this connection, I also address whether the petition here is time-barred. Federal law imposes a 1-year period of limitation for all claims for habeas relief, which runs from the latest of:
> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

to his classification as a career offender prior to his sentencing, he did not, at that time, raise any of the arguments he raises now in his request for habeas relief; nor did Mr. Collins seek direct review of his sentence. Consequently, his claims may be considered procedurally defaulted. *See, e.g.*, *Wainwright* v. *Sykes*, 433 U.S. 72, 81 (1977); *Bousley* v. *United States*, 523 U.S. 614, 622 (1998).

As a general matter, "procedural default is an affirmative defense," and must be raised and pled by the Government to bar a habeas petition. *Oakes* v. *United States*, 400 F.3d 92, 98 (1st Cir. 2005); *see also Trest* v. *Cain*, 522 U.S. 87, 89 (1997) ("[P]rocedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter.") (internal quotations omitted). Since the Government has chosen not to raise the issue of procedural default in its response to the petition for habeas relief, the issue appears to have been waived.

---

retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim . . . could have been discovered.

28 U.S.C. § 2255.

  The Supreme Court recognized the right asserted here in *Johnson* v. *United States*, 135 S. Ct. 2551 (2015) on June 26, 2015, and made the right retroactively applicable on collateral review in *Welch* v. *United States*, 136 S. Ct. 1257 (2016), on April 18, 2016. Mr. Collins filed his petition for habeas relief on June 24, 2016. Consequently, his petition was filed within the 1-year limitations period and is timely.

Nevertheless, I may still consider procedural default *sua sponte*, even if I may not "bypass, override, or excuse [the government's] deliberate waiver" of an affirmative defense. *Wood* v. *Milyard*, 556 U.S. 463, 466 (2012); *see also Oakes*, 400 F.3d at 97 ("[W]e hold that a district court has the discretion, in a section 2255 case, to raise questions of procedural default sua sponte, even when the government has filed a reply and eschewed any reference to the defense."). Had the Government here raised procedural default in its response to the present petition, I would have been barred from hearing the merits of Mr. Collins's claim unless he could demonstrate both cause for the default and actual prejudice. *See, e.g.*, *Wainwright*, 433 U.S. at 81; *Bousley*, 523 U.S. at 622.

A petitioner may show cause by demonstrating that his claim is "so novel that its legal basis is not reasonably available to counsel" at the time of conviction. *Bousley*, 523 U.S. at 622. However, this standard does not mean that the claim was viewed as futile, or otherwise "was unacceptable to that particular court at that particular time." *Id.* at 623. Instead, for a constitutional claim to be "new," it must "represent[ ] a clear break with the past." *Reed* v. *Ross*, 468 U.S. 1, 17 (1984). It may arise when the Supreme Court "explicitly overrule[s] one of [its] precedents," when a decision "overturn[s] a longstanding and widespread practice to which [the Supreme Court] has not

spoken, but which a near-unanimous body of lower court authority has expressly approved," or when a decision of the Supreme Court "disapprove[s] a practice that [the Supreme Court] arguably has sanctioned in prior cases."  *Id.*

The Court's holding in *Johnson II* clearly satisfies this standard.  When Mr. Collins was sentenced in 2014, "the Supreme Court's decisions in *James* [v. *United States*, 550 U.S. 192 (2007)] and *Sykes* [v. *United States*, 564 U.S. 1 (2011)] were still good law.  Both those decisions had rejected challenges to the ACCA's residual clause on constitutional vagueness grounds." *Lassend* v. *United States*, 898 F.3d 115, 122 (1st Cir. 2018). *Johnson II* "expressly overruled *James* and *Sykes* in relation to the ACCA," meaning it signaled a "clear break from the past." *Id*. at 17.  Consequently, the ACCA claims raised in this petition were not reasonably available to Mr. Collins at the time of his sentencing, and he has therefore demonstrated "cause" for any procedural default regarding this issue.

Mr. Collins must also show that he suffered "actual prejudice" to overcome procedural default.  If the prior convictions Mr. Collins is challenging are not violent felonies under the force clause of ACCA, "he can argue actual prejudice because his sentence was undoubtedly influenced by the determination that he had qualifying ACCA predicates" and should

be sentenced as a career offender. *Lassend*, 898 F.3d at 123.[5]

In other words, if Mr. Collins succeeds on the merits of his

habeas petition, he undoubtedly suffered actual prejudice and is

entitled to relief. *See Lassend*, 898 F.3d at 123 ("[T]he

prejudice inquiry dovetails with the merits inquiry.").

I now turn to consider Mr. Collins's claims on the merits,

recognizing that this consideration addresses and will

effectively resolve the prejudice dimension of the procedural

default issue.

### III. THE MERITS

### A. *Predicate Offenses Challenged in the Petition*

In his petition, Mr. Collins argues that Larceny from the

Person, Armed Assault with Intent to Kill, Assault with a

Dangerous Weapon ("ADW"),[6] and Assault and Battery by a Dangerous

---

[5] Mr. Collins does not argue that his October 15, 2001
convictions for armed robbery, armed assault with intent to rob,
and kidnapping, [PSR ¶ 39], do not remain violent felonies post-
*Johnson II*. Since all three of these convictions arose out of
the same set of factual circumstances, they were not "committed
on occasions different from one another." 18 U.S.C.
§ 924(e)(1). Consequently, these three convictions cannot be
counted together to trigger the ACCA sentencing enhancement
because they may be counted to include only one conviction for
ACCA purposes.

[6] Mr. Collins has two convictions for Assault with a Dangerous
Weapon: one on October 15, 2001, which was accompanied by
convictions for armed robbery, kidnapping, and armed assault
with intent to rob, [PSR ¶ 39], and one on October 16, 2008,
which was accompanied by convictions for possession of burgled
instruments and carrying dangerous weapons. [PSR ¶ 47].

Weapon ("ABDW"),[7] as defined by Massachusetts law, are not categorically violent felonies under the force clause of the ACCA. He also argues in a footnote that Breaking and Entering at Night under Massachusetts law is not an ACCA predicate offense.

I will address each challenged offense in turn.

1.    Larceny from the Person

On March 6, 1990, Mr. Collins was convicted of larceny from the person in Boston Municipal Court, and I considered this conviction as a predicate offense under the now inapplicable residual clause for his subsequent classification as an armed career criminal. [PSR ¶¶ 32, 50]. Though the Government does not argue that larceny from the person is a violent felony under the force clause of ACCA, because Mr. Collins does challenge this conviction in his petition for habeas relief, I will address the question.

_____

[7] Mr. Collins has four separate convictions for Assault and Battery by a Dangerous Weapon ("ABDW"): one on March 6, 1990, [PSR ¶ 32], one on August 12, 1992, [[PSR ¶ 34], one on June 18, 1992, [PSR ¶ 35], and one on July 2, 1992 [PSR ¶ 36]. The March 6, 1990 ABDW conviction was accompanied by the conviction for Larceny from the Person, and will only qualify as a predicate offense if Larceny from the Person is not a violent felony under ACCA. [PSR ¶ 32]. Similarly, the June 18, 1992 conviction was accompanied by a conviction for Armed Assault with Intent to Kill, and will only qualify as a predicate offense if Armed Assault with Intent to Kill is not a predicate offense. [PSR ¶ 35].

Under Massachusetts law, an individual is guilty of larceny from the person if he "commits larceny by stealing from the person of another." M.G.L. c. 266 § 25. The Supreme Judicial Court of Massachusetts ("SJC") has interpreted this provision to incorporate and expand the common law of larceny. *Commonwealth* v. *Jones*, 283 N.E.2d 840, 843 n. 2 (Mass. 1972). As at common law, larceny from the person requires "the taking and carrying away of the personal property of another against his will with the intent to steal." *Id*. (internal citations and quotations omitted). It specifically does not require proof of force of violence.

Consequently, "[t]he use of physical force is not an element of the offense," meaning larceny from the person is not categorically a crime of violence under the force clause of the ACCA. *United States* v. *Rodriguez*, 659 F.3d 117, 118 (1st Cir. 2011). It could only serve as an ACCA predicate offense under the residual clause, which has, of course, been stuck down. *Id*. at 118-19.

Larceny from the person is therefore not a violent felony and cannot serve as an ACCA predicate offense.

### 2.   Assault with Intent to Kill

Mr. Collins challenges the classification of his June 18,

1992 conviction for Armed Assault with Intent to Kill[8] as a predicate offense. [PSR ¶ 35]. As a general matter, Massachusetts law recognizes two theories of assault: "attempted battery and threatened battery." *Commonwealth* v. *Porro*, 939 N.E.2d 1157, 1163 (Mass. 2010). "A conviction of assault under a theory of attempted battery requires the prosecution to prove that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so." *Id.* In this context, the victim need not be aware of the attempt, and the battery need involve nothing more than an offensive touch. *Id.* In contrast, "[a] conviction of assault under a theory of threatened battery requires the prosecution to prove that the defendant engaged in conduct that a reasonable person would recognize to be threatening, that the defendant intended to place the victim in fear of an imminent battery, and that the victim perceived the threat." *Id.*

A conviction for "[a]rmed assault with intent to murder requires proof of assault (while armed with a dangerous weapon) and a specific intent to kill that equates with malice." *Commonwealth* v. *Vick*, 910 N.E.2d 339, 350 (Mass. 2009) (citing

---

[8] Mr. Collins was convicted specifically of violating M.G.L. c. 265 § 18, which states that anyone "being armed with a dangerous weapon, [who] assaults another with intent to rob or murder shall be punished by imprisonment."

*Commonwealth* v. *Johnston*, 845 N.E.2d 350, 354 (Mass. 2009)).
The presence of a mitigating factor "reduces the crime from
assault with intent to murder to assault with intent to kill, a
lesser included offense." *Vick*, 910 N.E.2d at 350.  A
conviction for assault with intent to kill, however, still
requires both an armed assault and a specific intent to kill,
and further requires only that "a defendant's intent to kill
[arises] from the frailty of human nature in the face of certain
circumstances."  *Id*.

In analyzing constituent elements of this offense using the
categorical approach, the First Circuit has recognized that
"[s]omeone can commit the Massachusetts crime of simple assault
with offensive touching . . . [which] fails the force
requirement" of ACCA.  *United States* v. *Edwards*, 857 F.3d 420,
424 (1st Cir. 2017) (citing *Johnson* v. *United States*, 559 U.S.
133, 140 (2010) ("*Johnson I*") (holding that "in the context of a
statutory definition of 'violent felony,' the phrase 'physical
force' means *violent* force—that is, force capable of causing
physical pain or injury to another person.")).  Simple assault,
then, cannot qualify as a predicate offense under the force
clause of ACCA.  *Edwards*, 857 F.3d at 424.  Armed assault with
intent to murder, however, requires proof of additional elements
and does qualify as a predicate offense because of the presence
of "a specific intent to kill."  *Id*. at 425.  In a parallel

14

fashion, while a simple battery could be merely offensive touching, and thus, not involve violent force if committed without murderous intent, it could be said categorically to involve wrongful force if committed with murderous intent. *Id.* Indeed, the intent requirement "makes it implausible that a defendant could be convicted [for assault with intent to murder] based on the offensive-touching approach" to assault and instead appears to require that the defendant threatened violent force against the victim. *Id.* Consequently, the First Circuit has held, armed assault with intent to murder is a violent felony under the force clause of ACCA.

Since a conviction for armed assault with intent to kill, as was the charge at issue here, requires proof of the same "specific intent to kill" as a conviction for armed assault with intent to murder, I conclude Mr. Collins's June 18, 1992 convictions for armed assault with intent to kill is a proper predicate offense under the force clause.[9]

3. Assault with a Deadly Weapon (ADW)

Mr. Collins challenges the classification of his two prior convictions for ADW – on October 15, 2001 and on October 16,

---

[9] Because the conviction for armed assault with intent to kill is a predicate offense, Mr. Collins's June 18, 1992 conviction for ABDW cannot separately count as a predicate offense, since the two convictions arose out of the same factual circumstances. *See* 18 U.S.C. § 924(e)(1).

2008 - as predicate offenses. [PSR ¶¶ 39, 47, 50]. Like armed assault with intent to kill, ADW builds on the Massachusetts common law,[10] which recognizes two theories of simple assault: threatened battery and attempted battery. *See Porro*, 989 N.E.2d at 1163; *see also infra*. "The crime of ADW adds one additional element [to the crime of common law assault], namely that the assault was perpetrated by means of a dangerous weapon." *Commonwealth* v. *Melton*, 763 N.E.2d 1092, 1096 (Mass. 2002).

The First Circuit has consistently held that "the element of a dangerous weapon imports the 'violent force' required by [*Johnson I*] into an otherwise overbroad simple assault statute" because it has been interpreted to require the Commonwealth to show "that the threat of harm was by means of a dangerous weapon." *United States* v. *Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015). "Logically, the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death." *Id.* ADW is therefore categorically a violent felony under the force clause of ACCA and may serve as a predicate offense for the sentencing enhancement.

---

[10] Massachusetts law defines ADW as any assault committed "by means of a dangerous weapon." M.G.L. c. 265 § 15B(b).

Mr. Collins has two convictions for ADW under Massachusetts law, [PSR ¶¶ 39, 47], and these two convictions arose out of actions committed on occasions different from one another and from the actions that gave rise to Mr. Collins's conviction for Armed Assault with Intent to kill. [PSR ¶ 35].[11]

### 4. Assault and Battery with a Deadly Weapon (ABDW)

Mr. Collins spends the bulk of his petition arguing that Massachusetts ABDW is not categorically a violent felony under the force clause of ACCA. As a theoretical proposition, his argument has some force. Massachusetts law punishes anyone who "commits an assault and battery upon another by means of a dangerous weapon," but provides no further clarification regarding what constitutes "assault and battery." M.G.L. c. 265 § 15A. Instead, the exact contours of this offense, as with assault, come from the common law, which attributes "two separate aspects to the crime of ABDW." *United States* v. *Tavares*, 843 F.3d 1, 12 (1st Cir. 2016). Assault and battery under the common law includes both "the intentional and unjustified use of force upon the person of another, however slight" and "the intentional commission of a wanton or reckless

---

[11] As a practical matter, my analysis may end here then, since I have identified the requisite three predicate offense committed by Mr. Collins sufficient to support his classification as an armed career criminal under ACCA. For the sake of completeness, however, I will address the remaining offenses that Mr. Collins has challenged.

act causing physical or bodily injury to another." *Id*. Because
ABDW may be committed in either way, the First Circuit has
assumed that ABDW "is divisible between its intentional and
reckless forms."[12] *United States* v. *Faust*, 853 F.3d 39, 57 (1st
Cir. 2017) (citing *Tavares*, 843 F.3d at 13).

The intentional form of ABDW – which requires "the
intentional and unjustified use of force upon the person of
another, no matter how slight" – "constitutes a crime of
violence under § 4B1.2(a)(1) of the [Sentencing Guidelines]"
because ADW is a lesser-included offense of this form of ABDW
and ADW is, itself, a violent felony. *Tavares*, 843 F.3d at 13.
Consequently, the First Circuit has determined that the
intentional form of ABDW may be treated as a violent felony
under the force clause of ACCA. *Faust*, 853 F.3d at 57 ("[W]e
have previously found that the terms 'crime of violence' under
the career offender guideline and 'violent felony' under the

---

[12] The First Circuit's holding by Judge Kayatta in *United* States
v. *Tavares*, 843 F.3d 1, 13 (1st Cir. 2016) seems to state
definitively that ABDW is divisible, but in a subsequent
decision for the court, Judge Kayatta later appeared to qualify
this holding, saying that "[i]n *Tavares*, [the First Circuit]
attempted to predict how the Massachusetts Supreme Judicial
Court would rule," since the question of divisibility ultimately
must be decided by the SJC to be definitive. *United States* v.
*Kennedy*, 881 F.3d 14, 20 (1st Cir. 2018). To date, that issue
has not yet been definitively resolved by the SJC and, as
explained below, I need not explore it here.

ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other.").

The reckless form of ABDW, however, is not categorically a violent felony under ACCA because "it does not require that the defendant intend to cause injury . . . or even be aware of the risk of serious injury that any reasonable person would perceive." *United States* v. *Windley*, 864 F.3d 36, 38 (1st Cir. 2017) (per curiam); *see also United States* v. *Kennedy*, 881 F.3d 14, 19 (1st Cir. 2018). To affirm Mr. Collins's conviction, I must find "both that Massachusetts ABDW is divisible into its intentional and reckless forms, and that [Mr. Collins] pled guilty to the intentional form." *Kennedy*, 881 F.3d at 19-20. In determining the latter question, I may look to both his guilty plea and to the original charging documents. *See Shepard* v. *United States*, 544 U.S. 13, 19 (2005); *Mathis* v. *United States*, 136 S. Ct. 2243, 2249 (2016).

These documents, however, have not been provided to me, so I cannot reasonably determine Mr. Collins was convicted of the intentional or reckless version of ABDW. Consequently, I do not rely on the March 6, 1990, June 18, 1992, July 2, 1996 and August 12, 1992 convictions for ABDW as predicate offenses to classify Mr. Collins as an armed career criminal.

5.   Breaking and Entering at Night

Finally, Mr. Collins challenges his conviction for Breaking

and Entering a building at nighttime.  This conviction was not included as one of his predicates in the PSR but it was raised summarily in the Government's sentencing memorandum.  The Government again only summarily mentions this conviction in a footnote in its response to the petition now before me.

Under ACCA, a violent felony, by definition, includes "burglary" in the generic sense in which the term is now used in the criminal codes of most states.  *Taylor* v. *United States*, 495 U.S. 575, 598 (1990).  It therefore applies to any state statute that criminalizes "an unlawful on unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  *Id.*; *see also United States* v. *Stitt*, 139 S. Ct. 399, 405-06 (2018).  Massachusetts law, however, separates the generic crime of "burglary" between two statutes – one which criminalizes entry into "a dwelling house in the nighttime, with intent to commit a felony," M.G.L. c. 266 § 14; and one which criminalizes entry into "a building, ship, vessel or vehicle, with intent to commit a felony."  M.G.L. c. 266 § 16.  Mr. Collins was convicted under the latter provision, [PSR ¶ 41], and was specifically convicted of breaking and entering a building.

In such circumstances, Mr. Collins's conviction constitutes a predicate offense even if the underlying statute – M.G.L. c. 266 § 16 – criminalizes conduct that falls outside the generic

definition of burglary; the Massachusetts statute is divisible and Mr. Collins was convicted of an offense that satisfies the generic definition of burglary. *See Descamps* v. *United States*, 570 U.S. 254, 257 (2013) (A divisible statute "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile."); *Shepard*, 544 U.S. at 16-17 (holding that a sentencing court may look to "statutory elements, charging documents, and jury instructions to determine whether an earlier conviction [here, under M.G.L. c. 266 § 16] after trial was for generic burglary" and implying that the Massachusetts statute was divisible); *Taylor*, 495 U.S. at 602 ("[I]n a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find entry of a building to convict," this conviction was a predicate offense).

Mr. Collins's conviction was specifically for breaking and entering into a building, and so is a valid predicate offense for the purpose of the ACCA enhancement.

**B.  *Predicate Offenses Not Challenged in the Petition***

Finally, Mr. Collins was also convicted on October 15, 2001 of armed robbery, armed assault with intent to rob, and kidnapping.  [PSR ¶ 39].  The three convictions all arose out of

the same set of factual circumstances, were accompanied by a conviction for ADW, and were listed as predicate offenses in the Presentence Report. [PSR ¶¶ 39, 50].

Mr. Collins has not challenged the classification of these convictions as predicate offenses in his habeas petition, [*See generally* Dkt. No. 52], although he has a legal basis to do so. *See generally, e.g.*, *United States* v. *Starks*, 861 F.3d 306 (1st Cir. 2017) (holding that Massachusetts armed robbery is not a violent felony under the force clause); *Commonwealth* v. *Benitez*, 985 N.E.2d 102 (Mass. 2013) (holding that armed assault with intent to rob is a lesser included offense of armed robbery, suggesting in light of *Starks* that armed assault with intent to rob is not a violent felony); *Commonwealth* v. *Rivera*, 949 N.E.2d 916 (Mass. 2011) (holding that an individual can be convicted of kidnapping if he confines a person by trick and without the use of force); *United States* v. *Lattanzio*, 232 F. Supp. 3d 220 (D. Mass. 2017) (suggesting that because a defendant may be guilty in Massachusetts of kidnapping if he abducts someone through trick, kidnapping is not categorically a violent felony).

However, an argument that any of these three offenses is not, in fact, a violent felony has not been raised in this petition, and such an argument would be supererogatory given the status of the October 15, 2001 conviction for ADW as an ACCA predicate arising from the same occasion on which the other

three unchallenged October 15, 2001 convictions relied.  I therefore decline to classify any of them as violent felonies, providing a predicate offense for application of the ACCA as to Mr. Collins.  *See generally supra* note 5.

## IV. CONCLUSION

For the foregoing reasons, I DENY the motion [Dkt. No. 52] under 28 U.S.C. § 2255.  The Clerk is directed to terminate this matter.


*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE